For Plaintiff: Pettine, Godfrey & Cambio.

For Defendant: Bennie Cianciarulo.

---

Philip I. Zawatsky
vs. }Law No.63665
Samuel W. Green

July 16, 1926

RESCRIPT

WALSH, J. This is a suit for damages for alleged breach by defendant of a written contract to convey two parcels of land in the town of North Kingstown to plaintiff.

The original agreement between the parties, dated November 19, 1924, (Plaintiff's Exhibit A), and a supplementary agreement extending the time for the completion of the transaction to December 22, 1924, (Plaintiff's Exhibit B), are admitted by the defendant to have been executed by him. The dispute is as to the amount of land intended to be conveyed; the plaintiff contending that the description included a "point" of land extending into Narragansett Bay and the defendant contending that this "point" was not included and was never owned by defendant. The plaintiff proved substantial compliance

with the terms of the agreements on his part; the defendant failed to show any compliance on his part, either by tender on the day appointed or any offer to perform as far as he was able. The verdict was for the plaintiff in the sum of $4597.

Defendant filed his motion for a new trial, setting forth eight grounds, on May 12th, 1926. On June 12th, 1926, the matter came before us for hearing on said motion of defendant, but the attorney for the defendant was not prepared to argue the same at that time and by agreement of both counsel for plaintiff and for defendant the court ordered that arguments be submitted in writing on or before July 3, 1926. The plaintiff's argument has been filed in accordance with said order but the defendant has not seen fit to file any argument to date. We feel that the defendant has had ample time to prepare and file his argument and in the absence of any request from him or from his attorney for further time, we feel justified in passing upon his motion.

We feel that there was sufficient evidence to warrant a verdict for the plaintiff and will confine our discussion to grounds 4, 6 and 8 of the motion of defendant for a new trial. The fourth ground is that the counsel for plaintiff in argument prejudiced defendant by making statements to the jury which were not warranted by the evidence. There was considerable personal feeling exhibited by counsel on both sides of the case because credibility of counsel was in issue. Counsel for defendant had taken the witness stand and had testified as to the facts in dispute. His testimony was contradicted in essential matters by witnesses for the plaintiff. Counsel for plaintiff had also testified along the same lines and his testimony was contradicted. Under these circumstances it was proper in argument for counsel to refer to the witnesses, even though they were the attorneys for the parties, and to deduce from such testimony fair inference even to the extent of arguing bias, prejudice and personal interest in the outcome of the case. We feel that no injustice or prejudice resulted to defendant from the argument of counsel for plaintiff.

The sixth ground alleges certain activities in the jury room by members of the jury which defendant contends were not in accordance with law and justice. This is a bare statement, not supported by any proof and the court feels it should not be given further consideration.

The eighth ground is that the damages awarded are excessive. There are two bases for recovery in such a case as this:

1) actual expenditures or obligations incurred by plaintiff in reliance upon the agreement which were lost to him upon breach by defendant; and

2) loss of the profit which would have accrued to him if the defendant had performed in accordance with the agreement.

On the first theory, plaintiff had paid $200 to defendant as a binder, had paid $58.50 for title search and had become obligated to pay $340 for architect's services, a total of $598.50.

On the second theory of damages, the jury by its verdict must have found the plaintiff's loss of profit was $4000 approximately. The evidence shows, on the question of loss of profits, that the plaintiff had an opportunity to sell parcel number two of the premises in question for $12,-000. The purchase price for both parcels as stated in the agreement was $12,000. If the jury concluded that parcel number one, which would be left free and clear to plaintiff as a profit if the defendant had carried out his agreement, was worth $4,000 and had included that amount as loss of profit, their judgment can be sustained fully by the evidence in the

case. It appears that parcel number one is situated on a state highway, to wit, the Post Road to Narragansett Pier; that it is bounded by good roads on its three sides; that it is a good site upon which to erect a roadside tavern and dancing pavilion; that it contains about twelve and one-half acres of land. We can not say that $4000 is excessive under such circumstances.

Defendant's motion for new trial denied.

For Plaintiff: Lyman & McDonnell and Arthur Levy.

For Defendant: Lester F. Murphy.